**In re FLORIDA FURNITURE INDUSTRIES, INC., a Florida Corporation, Debtor.**

**Florida Furniture Industries, Inc., a Florida Corporation, by Abacus Advisors as the Liquidating Agent for Debtor, Plaintiff,**

**v.**

**Ken Mahaffey, CFC, as Tax Collector of Putnam County, Florida, and W.L. Pritchett, Jr., CFA, as Putnam County Property Appraiser, Defendants.**

No. 02–5065–3P1.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Feb. 9, 2005.

John B. MacDonald, Akerman Senterfitt, Jacksonville, FL, for Debtor.

### *FINDINGS OF FACT AND CONCLUSIONS OF LAW*

George L. PROCTOR, Bankruptcy Judge.

This Proceeding is before the Court on the Motion of Defendants, Ken Mahaffey, CFC, as Tax Collector of Putnam County, Florida and W.L. Pritchett, Jr., CFA, as Putnam County Property Appraiser, to Dismiss Complaint for Lack of Jurisdiction. After a hearing on January 4, 2005, the Court makes the following Findings of Fact and Conclusions of Law:

### *Findings of Fact*

1. On May 30, 2002, Florida Furniture Industries, Inc. ("Plaintiff") filed a voluntary petition for relief under Title 11 of the United States Code.

2. On June 25, 2002, Ken Mahaffey, CFC, as Putnam County Tax Collector, filed a Proof of Claim (Claim No. 56) in Plaintiff's bankruptcy estate for tangible personal property and real property taxes for tax years 2001, 2002, and 2003.

3. On June 22, 2004, Plaintiff filed a Complaint for determination of tax liability pursuant to 11 U.S.C. § 505 against the Putnam County Tax Collector and W.L. Pritchett, Jr., CFA, as Putnam County

Property Appraiser (collectively, the "Defendants").

4. On July 13, 2004, Defendants filed a Motion to Dismiss Complaint for Determination of Tax Liability Pursuant to 11 U.S.C. § 505, arguing that the Complaint failed to allege compliance with the statutory conditions precedent for challenging an excessive assessment pursuant to Section 194.171(2), (3) and (6), Florida Statutes (2003).

5. After a hearing on August 18, 2004, the Court denied Defendants' Motion to Dismiss, and ordered Defendants to file and serve an Answer to the Complaint.

6. On September 17, 2004, Defendants filed their Answer and Affirmative Defenses.

7. On November 20, 2004, Defendants filed a second Motion to Dismiss for Lack of Jurisdiction on the basis that Defendants, as arms of the state, are protected by the Eleventh Amendment from being sued in the instant adversary proceeding.

### Conclusions of Law

The Eleventh Amendment provides:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State. U.S. Const. Amend. XI.

The Eleventh Amendment precludes federal courts from exercising any jurisdiction in private suits against states. *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 54, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996). The Eleventh Amendment also insulates states from "private parties seeking to impose a liability [in federal court] which must be paid from public funds in the state treasury …" *Hufford v. Rodgers,* 912 F.2d 1338, 1340 (11th Cir.1990) (quoting

*Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974)).

The Court's analysis of whether or not the Eleventh Amendment is implicated in the instant case must focus on whether the Court will be invoking its *in rem* jurisdiction or its *in personam* jurisdiction. Clearly, since Plaintiff is merely asking the Court to determine its tax liability pursuant to 11 U.S.C. § 505 only the Court's *in rem* jurisdiction is at issue.

### In rem Jurisdiction

The Supreme Court recently held that student loan discharge proceedings brought against a state do not implicate sovereign immunity or the Eleventh Amendment because they are *in rem,* and the res is not in possession of the state. *Tennessee Student Assistance Corp. v. Hood,* 541 U.S. 440, 124 S.Ct. 1905, 158 L.Ed.2d 764 (2004). In *Hood,* the plaintiff's adversary proceeding sought a determination under 11 U.S.C. § 523(a)(8) that her student loans were dischargeable as an "undue hardship." *Id.* at 1909. The defendant, Tennessee Student Assistance Corporation ("TSAC"), asserted sovereign immunity and moved to dismiss the action. *Id.* The bankruptcy court denied the motion, holding that 11 U.S.C. § 106(a) was a valid abrogation of the states' sovereign immunity. *Id.* The Sixth Circuit B.A.P. affirmed the bankruptcy court's holding. *Id.*

"The Court has long held that the bankruptcy court's exercise of *in rem* jurisdiction is not an affront to States' sovereignty." *Id* at 1913. The Supreme Court in *Hood* declined to address whether Congress has the authority to abrogate state sovereign immunity pursuant to § 106. *Id.* at 1909. In *Hood,* the Supreme Court held that the bankruptcy court's exercise of its *in rem* jurisdiction to discharge state-held student loans does not infringe

state sovereignty, and therefore, plaintiff's adversary proceeding seeking a hardship determination is not a suite against the state under the Eleventh Amendment. *Id.* at 1913. In *Hood* the Court stated that, *"At least when the bankruptcy court's jurisdiction over the res is unquestioned, our cases indicate that the exercise of its in rem jurisdiction to discharge a debt does not infringe state sovereignty."* (emphasis added) *Id.* at 1911. The Court also stated that, "A bankruptcy court's *in rem* jurisdiction permits it to determine all claims that anyone, whether named in the action or not, has to the property or thing in question. The proceeding is one against the world." *Id.* The *Hood* opinion also recognized that "the court's jurisdiction is premised on the debtor and his estate, not on the creditors." *Id.*

In *Hood* the Supreme Court also referred to its prior decision in *California v. Deep Sea Research, Inc.,* 523 U.S. 491, 118 S.Ct. 1464, 140 L.Ed.2d 626 (1998), which involved an individualized *in rem* adjudication in which a State claimed an interest. *Hood,* 124 S.Ct. at 1910. In *Deep Sea Research,* the Court held that federal jurisdiction is not barred by the Eleventh Amendment over *in rem* admiralty actions where the State is not in possession of the property. *Id.* The Supreme Court in *Hood* stated, "Although both bankruptcy and admiralty are specialized areas of the law, we see no reason why the exercise of the federal court's *in rem* jurisdiction is more threatening to state sovereignty than the exercise of their in rem admiralty jurisdiction." *Id.* at 1912.

In addition to the Supreme Court decisions of *Hood* and *Deep Sea Research,* a bankruptcy court out of the Southern District of Florida recently issued an on point opinion as to the issue presented in the instant case. *In re Lake Worth,* 318 B.R. 894, (Bankr.S.D.Fla.2004). In *Lake Worth,* the debtor, a limited liability company, filed a motion for the court to determine its state tax liability for outstanding ad valorem personal property taxes. *Id.* at 895–896. Asserting sovereign immunity, the county tax collector moved to dismiss debtor's motion. *Id.* at 898. The court in *Lake Worth* held that the court's *in rem* jurisdiction over the res of the bankruptcy estate provided the court with authority to determine the debtor's tax liability. *Id.* at 903–904. Specifically, the court stated, "Just as the debtor in Hood desired an adjudication of the dischargeability of her debt, the debtor in this case wants the determination of its debt to the tax collector. Neither request for relief is an adjudication pursuant to the Bankruptcy Court's *in personam* jurisdiction. In both cases, the Court's *in rem* jurisdiction allows it to adjudicate the request for relief without *in personam* jurisdiction over the State." *Id.* at 905–906.

Defendants rely upon a recent decision by the Eleventh Circuit which held that (1) adversary proceedings against a state agency seeking discharge of student loan debt, did not implicate the Eleventh Amendment and (2) agencies were entitled to Eleventh Amendment immunity from debtor's claim for damages arising from wrongful collection efforts. *In re Crow,* 394 F.3d 918 (C.A.11 2004). As to the two issues presented in *Crow* only the first issue is relevant to the instant case. In making its determination as to the first issue the court stated:

"*Hood* is all we need to know in order to resolve the issue involving the denial of the motion to dismiss count one in this case, the count that sought discharge of the debt. Under *Hood* the Eleventh Amendment is not implicated, and we therefore affirm the denial of the motion to dismiss that count." *Id.,* at 920–921.

The Eleventh Circuit applied the reasoning and holding in *Hood* that a student loan discharge proceeding which does not seek *in personam* relief does not invoke Eleventh Amendment protection. As to the second count, the Eleventh Circuit stated, "Because count two seeks affirmative relief from the state through a coercive judicial process, the bankruptcy court's jurisdiction over it is premised on the persona of the state, not on the res of the debtor's property. Because jurisdiction is in personam Eleventh Amendment concerns are not obviated by Hood." *Id.* at 921. Defendants' make the argument that the Eleventh Circuit's holding as to the second count is applicable in the instant case. However, the Court finds Defendants' argument to be completely misplaced. The second count in *Crow* dealt with the court's *in personam* jurisdiction for monetary damages for collection activities in violation of the automatic stay under § 362(a) of the Bankruptcy Code. *Id.* In the instant case, without question, the Court's ability to determine Plaintiff's tax liability pursuant to 11 U.S.C. § 505 is solely an exercise of its *in rem* jurisdiction. Therefore, Defendants' argument regarding the Eleventh Circuit's holding as to the second count in *Crow* fails since the Court is clearly not dealing with an *in personam* action in the instant case.

## Conclusion

The issue before the Court is controlled by the Supreme Court's decision in *Hood.* While not binding authority, the Court also finds the *Lake Worth* opinion issued by the Bankruptcy Court in the Southern District of Florida to be very persuasive authority. Based upon the foregoing, the Court will exercise its *in rem* jurisdiction to determine Plaintiff's tax liability pursuant to 11 U.S.C. § 505. Therefore, the Court will deny Defendants' Motion to Dismiss. A separate order will be entered consistent with these Findings of Fact and Conclusions of Law.